NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BRUCE MACCHARLES, ) <br> Petitioner, ) <br> vs. ) <br> ERIC HOLDER, et al., ) <br> Respondents. ) <br> _____ ) | C 10-03106 JF (PR) <br><br> ORDER OF DISMISSAL WITH <br> LEAVE TO AMEND |

Petitioner, a California prisoner, seeks petition in <u>pro se</u> for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking a "Judicial Order of Removal" under 8 U.S.C. § 1228, following the end of his state sentence. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, Petitioner was convicted of voluntary manslaughter, among other crimes, in San Francisco County Superior Court on August 28, 2003. Petitioner is being held under the authority of the California Out-of-State Correctional Facility at La Palma Correctional Center in Eloy, Arizona. Petitioner is scheduled for release in December 2010. Petitioner filed the instant petition on July 15, 2010.

# DISCUSSION

## A. Standard of Review

Review of the execution of a federal sentence is properly brought as a petition under 28 U.S.C. § 2241.  See United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984) (presentence time credit claim); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980) (parole decision claim); see also Mills v. Taylor, 967 F.2d 1397, 1400 (9th Cir. 1992) (granting § 2241 petition alleging denial of presentence time credit).  Section 2241 is also the proper basis for a habeas petition by a state prisoner who is not held "pursuant to the judgment of a State court," 28 U.S.C. §2254, for instance a pre-trial detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been reversed on appeal. See Hoyle v. Ada County, 501 F.3d 1053, 1058 (9th Cir. 2007) (pre-trial double jeopardy challenge); Stow v. Murashige, 389 F.3d 880, 885-88 (9th Cir. 2004) (conviction reversed on appeal); White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004) (listing "awaiting extradition" and pretrial detention as examples of when § 2241 applies); McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (pretrial detainee).  However, section 2254, not section 2241, provides the proper jurisdictional basis for a state prisoner's petition attacking the legality of his detention resulting from an administrative decision by state prison authorities.  White, 370 F.3d at 1004 (transfer from one prison to another).

Here, Petitioner is not a prisoner challenging the execution of a federal sentence. Nor is Petitioner a pre-trial detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been reversed on appeal.  See Hoyle v. Ada County, 504 F.3d at 1058. Petitioner is self-admittedly in the custody of the California Department of Corrections and Rehabilitations, serving a sentence for a state conviction.  Accordingly, he has no basis for filing a petition under § 2241.[1]

The Court cannot construe the petition as being brought under § 2254 because

---

[1] Although a state prisoner may style his petition for a writ of habeas corpus as one under 28 U.S.C. § 2241, he is, as a state prisoner, limited by the restrictions of 28 U.S.C. § 2254, including AEDPA's more deferential standard of review set out in § 2254(d).

1  Petitioner is clearly not challenging the fact or duration of his state conviction.  Rather,
2  petitioner is specifically seeking a "Judicial Order of Removal," ordering the removal of
3  Petitioner from the jurisdiction of the United Sates and his immediate deportation to
4  Canada, "upon the completion fo the underlying sentence imposed by the State of
5  California."  Petitioner is due to be released in December 2010.  (Pet. at 9-10.)  Petitioner
6  is seeking expeditious removal to Canada after he finishes serving his state sentence,
7  apparently hoping to avoid any potential delay.
8        Section 1228 provides that "Notwithstanding any other provision of this chapter, a
9  United States district court shall have jurisdiction to enter a judicial order of removal at
10 the time of sentencing against an alien who is deportable, if such an order has been
11 requested by the United States Attorney with the concurrence of the Commissioner and if
12 the court chooses to exercise such jurisdiction."  8 U.S.C. § 1228(c)(1).  The procedure
13 for judicial removal is clearly set forth, giving the United States Attorney sole authority
14 file a notice of intent to request judicial removal. § 1228(c)(2).  Nowhere in the section
15 does it provide that an alien subject to removal can himself seek a judicial order.
16 Accordingly, Petitioner's request for a judicial order under § 1228 is DENIED.
17       In light of the fact that Petitioner's release date has passed, this petition is
18 DISMISSED WITH LEAVE TO AMEND.  Petitioner may file an amended petition
19 under § 2241 if a change in circumstances warrants it.
20
21                     **CONCLUSION**
22       In light of the foregoing, the petition is hereby DISMISSED WITH LEAVE TO
23 AMEND.  Within **thirty (30) days** of the date this order is filed, Petitioner may file an
24 amended petition appropriate to his changed circumstances.  The amended petition must
25 include the caption and civil case number used in this order, No. C 10-03106 JF (PR), as
26 well as the words AMENDED PETITION on the first page.  Petitioner may not
27 incorporate material from the original and first amended petitions by reference.
28       <u>**Failure to file an amended petition in conformity with this order shall result**</u>

1 | **in the dismissal of this action without prejudice.**
2 |     IT IS SO ORDERED.
3 | DATED: __1/18/11_____    _____
4 |                                                   JEREMY FOGEL
                                                  United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DAVID BRUCE MACCHARLES,

        Petitioner,

v.

ERIC HOLDER, et al.,

        Respondents.

Case Number: CV10-03106 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 1/31/11, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Bruce MacCharles V-03962
CCA-LPCC
5501 N. La Palma Road
Eloy, AZ 85131

Dated: 1/31/11

                                        Richard W. Wieking, Clerk